**UNITED STATES of America, Plaintiff,**

v.

**Ignacio N. UREÑA GUZMAN, Defendant.**

**Crim. No. 86–045 (HL).**

United States District Court, D. Puerto Rico.

May 15, 1986.

Joaquín Monserrate Matienzo, Caparra Heights, P.R., for defendant.

Warren Vasquez, Asst. U.S. Atty., for plaintiff.

Rene Hernández Arencibia, Manuel F. Rossey, Hato Rey, P.R., for Surety.

## ORDER

LAFFITTE, District Judge.

Pursuant to F.R.Cr.P. 29(c) defendant challenges the sufficiency of the evidence sustaining his conviction for violating 18 U.S.C. Section 1001.[1] To establish a violation of Section 1001, the Government must prove beyond a reasonable doubt that defendant's statement made to a department or agency of the United States was false and was made with actual knowledge of its falsity. *U.S. v. Yermian*, 468 U.S. 63, 104 S.Ct. 2936, 82 L.Ed.2d 53 (1984).

In the present action defendant's conviction ensued from a statement made to the U.S. Custom Service upon entering Puerto Rico from the Dominican Republic at Luiś Muñoz Marín International Airport. The indictment charges that defendant:

> ... Knowingly, willfully and unlawfully made a false, fictitous statement ... in custom Form 60959B (061285), ... at question 10 wherein he answered he was not carrying currency or monetary instruments over $5,000, whereas ... he was carrying $115,969.74 ... from Santo Domingo, Dominican Republic.

█ A defendant may be found guilty under Section 1001 only if the Government proves that the defendant actually knew that the statements were false at the time he made them. *Bryson v. United States*, 396 U.S. 64, 90 S.Ct. 355, 24 L.Ed.2d 264 (1969). Defendant, here, asserts that the Government failed to prove that he had knowledge of the falsity of his statement on the Custom form he tendered to the Inspector concerning the amount of money he was carrying through customs. To support this claim defendant points out that when the Custom Inspector found the checks in a sealed envelop he was carrying, defendant spontaneously and candidly denied knowledge of the contents inside the sealed envelop; that the envelop was given to him by Claudio Oroza in Santo Domingo, for delivery to René Hernández in Puerto Rico; that he ignored what was inside the envelope he was carrying; and that at a secondary inspection under close quarters he gave the same version to another Custom Inspector. In sum, defendant argues, his statements are exculpatory.

The uncontested evidence disclosed at trial that (1) defendant Ignacio N. Ureña, is president of the business firm Ochoa and Ureña C. por A. in the Dominican Republic; (2) the envelop was to be handed over to René Hernández, former partner and Vice President in Ochoa and Ureña C. por A.; (3) the letter found inside the envelop containing the checks stated that defendant would be transporting the monetary instruments (4) the checks were intended as a payment of a debt to René Hernández (5) defendant attempted to avoid inspection of the sealed envelop; and (6) defendant had previously transported and declared money

---

1. 18 U.S.C. Section 1001 states in pertinent part:
   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully ... makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

in excess of $10,000 during previous trips to Puerto Rico.

From the aforesaid proven facts the jury could have inferred, as it did, that defendant had knowledge of the falsity of his statement to the U.S. Custom Service. The jury could also have reasonably inferred that defendant was not an ignorant person, but a sophisticated person with business experience who was used to handling large amounts of money. These inferences ruled out the possibilities that defendant's false statements were the result of mistake or inadvertence.

■ The evidence in this trial was not in conflict. In a Rule 29(c) motion it is not for Court to assess the credibility of witnesses, or draw inferences of fact from the evidence. These are functions entrusted to the Jury. The Court should examine all the evidence and must view it in the light most favorable to the government. Viewing the evidence from said vantage we conclude that the Government presented sufficient evidence from which the Jury could find that all the elements of the offense were established beyond reasonable doubt.

WHEREFORE defendant's Rule 29(c) Motion is hereby DENIED.

IT IS SO ORDERED.